IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| GIRARD THOMPSON,<br><br>   *Plaintiff*,<br><br> v.<br><br>FAIRFAX COUNTY PUBLIC SCHOOLS, et al.,<br><br>   *Defendants*. | No: 1:23-cv-1596 (MSN/IDD) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 13). Plaintiff Girard Thompson brings a malicious prosecution claim under 42 U.S.C. § 1983 against Defendants, all employees of Fairfax County Public Schools and Thompson's former colleagues, arising out of Thompson's arrest and subsequent employment termination. Having reviewed the motion, opposition, and reply, the Court finds that oral argument will not materially aid in the decisional process. Because Thompson has not alleged that Defendants acted under color of law, and for the reasons further explained below, the Court will grant the motion and dismiss the First Amended Complaint.[1]

**I. BACKGROUND**[2]

Thompson was formerly employed as a Flooring Maintenance Technician by Fairfax County Public Schools. Dkt. 8 ("FAC") ¶ 1; Ex. A. On June 29, 2018, Defendant Audrey Morales reported to Defendant Merari Zemany that Thompson said he was "going to shoot everyone in here" before he retires. *Id.* Ex. A. Another employee asked Thompson, "Are you going to shoot

---

[1] Thompson's First Amended Complaint removed Fairfax County Public Schools as a defendant.
[2] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

me too?" *Id.* Thompson reportedly responded, "Maybe. Maybe not." *Id.* These comments were reported to police, who after interviewing the witnesses, issued a warrant for Thompson's arrest. *Id.* Fairfax County Police arrested Thompson the same day while he was working at an elementary school and charged him with an oral threat to commit bodily harm under Va. Code § 18.2-60. *Id.* Thompson was jailed until he placed a $500 bond. *Id.* ¶ 13.

Thompson's employer immediately placed him on administrative leave pending the criminal investigation and ultimately terminated his employment. *Id.* Ex. A. Defendant Scott Larson, Thompson's supervisor, recommended Thompson's dismissal on July 24, 2018, after finding that his threats violated various Fairfax County regulations governing employee conduct. *Id.* Thompson was thereafter dismissed. *Id.* ¶ 1.

Although prosecutors brought additional charges against Thompson, they were all disposed of *nolle prosequi* on September 18, 2018. *Id.* ¶ 19. The Defendants did not testify in either criminal action against Thompson. *Id.* ¶ 18.

Thompson alleges, however, that Defendants fabricated his comments. He alleges that Defendant Morales, in collusion with Defendants Larson and Zemany deliberately "manufactur[ed]" these threats and reported them to police "to provide an excuse to terminate his employment." *Id.* ¶ 9. He brings a malicious prosecution claim under 42 U.S.C. § 1983 against all three Defendants. *Id.* ¶¶ 15-23.

II.   ANALYSIS

Defendants move to dismiss the First Amended Complaint on two grounds. First, they argue the statute of limitations bars the claims. Second, they argue Thompson does not allege that Defendants acted "under color of law" and therefore has not stated a Section 1983 claim. The Court finds that although the statute of limitations does not bar Thompson's suit, he has failed to state a claim under Section 1983.

A.     **Statute of Limitations**

The statute of limitations for a Section 1983 claim is the statute of limitations of the most analogous state-law cause of action. *See D.A. Realestate Investment, LLC v. City of Norfolk*, 2023 WL 2637382, at *4 (E.D. Va. 2023). In Virginia, "that cause of action is a personal-injury suit," which has "a two-year limitations period." *Id.* Such a claim "accrues when the plaintiff knows or has reason to know of his injury." *Id.*

Thompson's Section 1983 claim for malicious prosecution accrued on September 18, 2018, when the criminal charges against him were dismissed. A malicious prosecution claim under Section 1983 is akin to a "Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Plaintiff must allege that the defendant "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.* As to that last element, "a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). Because the prosecutions against Thompson ended without a conviction on September 18, 2018, when the charges against him were dismissed, his malicious prosecution claim accrued on that date.

Although this suit was filed after the limitations period would have ordinarily run, there are two instances of tolling applicable here. First, the Supreme Court of Virginia issued several orders declaring a judicial emergency due to the COVID-19 pandemic, "which tolled all statutes of limitations from March 16, 2020, through July 19, 2020." *English v. Quinn*, 880 S.E.2d 35, 41 (Va. Ct. App. 2022). Second, Thompson filed a complaint in state court on November 12, 2020, alleging common law tort claims—including malicious prosecution—against Defendants.[3] The parties agree that this first complaint was timely filed after accounting for the Supreme Court of

---

[3] *See Thompson v. Fairfax County Public Schs.*, CL-2020-17774 (Circuit Court for the County of Fairfax).

Virginia's tolling due to COVID-19. They dispute, however, whether that complaint, which was nonsuited, tolled Thompson's Section 1983 claim.

Virginia law provides that if an "action" is nonsuited, "the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action … and the plaintiff may recommence his action within six months." Va. Code § 8.01-229(E)(3). In other words, the statute of limitations for Thompson's nonsuited "action" was tolled for six months from the date of the nonsuit, which was April 28, 2022. Exactly six months later, on October 28, 2022, Thompson filed this lawsuit in state court against the same Defendants, this time alleging only a Section 1983 claim for malicious prosecution. *See* Dkt. 1-1.[4]

The tolling statue speaks in terms of "action[s]." Va. Code § 8.01-229(E)(3). Under Virginia law, an "action" refers to claims arising from "the same transaction or occurrence." *Dunston v. Huang*, 709 F. Supp. 2d 414, 419-21 (E.D. Va. 2010) (citing Va. Code § 8.01-2(1) & Rule 1:6(a), Va. S. Ct.); *see also Hatfill v. New York Times Co.*, 416 F.3d 320, 335 (4th Cir. 2005) ("When [plaintiff] took a voluntary nonsuit in his original state-court action, he did so with respect to the set of operative facts underlying his complaint."). Defendants argue that "the differences between common law tort claims and a Section 1983 claim" make Thompson's "current action" different than his "first state court action." Dkt. 14 ("Def. Mot.") at 6. But in arguing that the term "action" turns on whether "the same evidence is necessary to prove each claim," Defendants rely on outdated Virginia law. *Id.* at 7 (quoting *Brown v. Haley*, 233 Va. 210, 216 (1987)). While that position "might formerly have been argued, … the Supreme Court of Virginia ended this debate" by making clear that "whether claims are part of a single cause of action is whether they arise out of the same transaction or occurrence." *Dunston*, 709 F. Supp. 2d at 419; *see also Roller v. Basic*

---

[4] Plaintiff waited nearly a year to serve Defendants, who timely removed the suit to this Court on November 22, 2023. Dkt. 1.

*Constr. Co.*, 238 Va. 321, 384 (1989) (defining a "cause of action" as "a set of operative facts which, under the substantive law, may give rise to one or more rights of action").

Because Thompson's first complaint in 2020 was timely, and because he filed this suit, which concerns the same events, within six months of nonsuiting his first complaint, this suit is timely.

**B.     Failure to State a Claim**

Thompson's suit must be dismissed, however, because he fails to state a claim under Section 1983. "A valid cause of action under § 1983 is not alleged simply by the assertion that a common law tort was committed by a state official." *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981). Rather, liability "only extends to persons acting under color of law, a requirement equivalent to that of state action under the Fourteenth Amendment." *United Auto Workers, Loc. No. 5285*, 43 F.3d 902, 906 (4th Cir. 1995). Thompson has not alleged, beyond mere conclusory statements, that Defendants acted under color of law, and therefore his complaint will be dismissed.[5]

Conduct that is "under color of [law]" must be "fairly attributable to the state." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Not all acts by state employees, however, are "clothed with state authority." *Hughes v. Halifax Cnty. Sch. Bd.*, 855 F.2d 183, 186 (4th Cir. 1988). Only those actions undertaken with "the authority vested in them by the state, or … otherwise made possible because of the privileges of their employment," satisfy this requirement. *Id.* at 186-87.

---

[5] It is unclear whether Thompson's First Amended Complaint intended to bring claims against Defendants in their official capacities as well. But because Thompson did not allege any facts establishing *Monell* liability against the Fairfax County School Board, and because Thompson did not respond to Defendants' arguments with respect to this point, the Court will dismiss any official capacity claims against Defendants. *See Harris v. Esper*, 2019 WL 8888214, at *2 (E.D. Va. 2019) ("As Plaintiff's opposition brief fails to address any of these arguments, Plaintiff is deemed to have conceded them.").

Defendants' alleged false reports to police were not "clothed with state authority." *Id.* "An individual does not act under color of state law by merely supplying information to authorities, even if that information is false." *Scott v. First Family Fin. Servs.*, 1995 WL 365914, *1 (4th Cir. 1995). Anyone can convey false information to law enforcement. "Nothing about [the] alleged scheme … was made possible—or even easier—because [Defendants were] state employee[s]." *Robinson v. Davis*, 2015 WL 9581867, at *2 (W.D. Va. 2015).

It does not help Thompson's claim that Defendants did so "for the purpose of providing an excuse to terminate his employment." Dkt. 21 (Pl. Opp.) at 7; *see also* FAC ¶¶ 9, 22-23 (alleging that "Defendants were acting under color of state law in that the object of the scheme was to generate a pretext for Defendant Larson, acting in his official capacity, to terminate Plaintiff's employment."). If anything, this allegation establishes that personal motivations—not state motivations—underlie Defendants' alleged false reports. *See Robinson*, 2015 WL 9581867, at *6 (holding that such "motivation[s], standing alone," are "not a sufficient nexus … to convert this private tort into a federal wrong").

Finally, Thompson argues that "Defendant Larson was acting in his official capacity" when "terminating Plaintiff's employment … based on the false pretext generated by his arrest and prosecution." Pl. Opp. at 7 (quoting FAC ¶ 21). Although that may be true, Defendant Larson's recommendation of Thompson's dismissal has nothing to do with Thompson's malicious prosecution claim, which turns on whether Defendants caused a seizure of Thompson pursuant to legal process unsupported by probable cause. *Evans*, 703 F.3d at 647. In briefing, Thompson tries to reinvent his claim, explaining that his "Section 1983 claim is that he was deprived of his property interest in continued employment by the Defendants acting under color of state law." Pl. Opp. at 6. But Thompson's complaint only brings a malicious prosecution claim under Section 1983. He does not bring a due process claim or allege any facts that would support such a claim.

6

\*       \*       \*

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 13) is **GRANTED**; and it is further

**ORDERED** that the First Amended Complaint is **DISMISSED**.

The Clerk is directed to remove from the docket the motion hearing set for February 9, 2024, and to close this civil action.

                                            **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
February 5, 2024